UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Case No. 4:09CV1647 CDP |
| ANTHONY'S PAINTING, LLC, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs are a labor union, four multiemployer pension and welfare trusts, and employee trustees.  They collectively bring claims against defendant Anthony's Painting, LLC for its failure to submit fringe benefit contributions due under the parties' Collective Bargaining Agreement (CBA), and now move for summary judgment on their complaint.  Anthony's Painting opposes the motion, arguing that plaintiffs fail to submit any admissible evidence in support of their claims.  Anthony's Painting also admits that it failed to submit contributions, but contends that this was not a breach of the CBA, because it had a prior course of dealing with the union, because the union itself breached the CBA, and because it paid some union members directly.

After reviewing the evidence, the parties' arguments, and the record as a whole, I conclude that plaintiffs have submitted admissible evidence in support of

their claims.  I also conclude that no question of fact exists as to Anthony's Painting's breach of the CBA, and so I will grant summary judgment to plaintiffs.

## Discussion

The standards for summary judgment are well settled.  In determining whether summary judgment should issue, the court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Caltrett*, 477 U.S. 317, 322 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings but must set forth by affidavit or other evidence specific facts showing that a genuine issue of material facts exists.  Fed. R. Civ. P. 56(e).  At the summary judgment stage, I will not weigh evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue of material fact.  *Anderson*, 477 U.S. at 249.

### Plaintiffs' Evidence  in Support of Motion for Summary Judgment

As a preliminary matter, I conclude that plaintiffs have submitted admissible evidence supporting their claims.  In its opposition to summary judgment, Anthony's Painting takes issue with every affidavit submitted by plaintiffs in

support of their motion, arguing that the affiants lack personal knowledge and expertise. Reading between the lines of Anthony's Painting's opposition and other filings, it also seems that Anthony's Painting challenges the exhibits attached to these affidavits as well, contending that the affidavits do not properly authenticate these exhibits, including the parties' CBA. I disagree.

Rule 56(c)(4), Fed. R. Civ. P., provides that an affidavit "used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Documents attached to an affidavit must be "authenticated by and attached to an affidavit" before a court can consider them for summary judgment purposes. *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) (internal citations and quotation marks omitted). Even if an affidavit is inadmissible, however, a district court has broad discretion in permitting a movant to supplement the affidavit and cure its defects. *See DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009) ("The district court has broad discretion in permitting supplementation of the summary judgment record . . . .").

Here, in response to Anthony's Painting's arguments, plaintiffs have filed supplemental affidavits in support of their motion. Each of these affidavits sets out the affiant's personal knowledge of the matters averred, as well as their competence to testify to these matters. First, Joseph Barrett avers that he is the

Business Manager and Secretary-Treasurer of the union, plaintiff Painters District Council No. 2.  Barrett also avers that he is responsible for negotiating and policing CBAs with employers such as Anthony's Painting, and he authenticates the CBA between Anthony's Painting and plaintiffs as Exhibit B to his supplemental affidavit.  Finally, he authenticates the four trusts at issue in this case as Exhibits to his supplemental affidavit.  Similarly, Tina Pannier avers in her supplemental affidavit that she is the plan manager for all of the Trusts, and that she, in this position, received reports and funds from employers for these Trusts.  She also authenticates the parties' CBA, which is attached to her affidavit, and avers that Anthony's Painting stopped paying contributions in August of 2009 and stopped submitting reports in November of 2009.  Brad Soderstrom avers that he is a payroll auditor with the firm of Wolfe Nilges Nahorski, Certified Public Accountants and Consultants, and that he has personal knowledge of the facts averred in his affidavit, as he performed the accounting of Anthony's Painting's records for plaintiffs.[1]  Finally, plaintiffs' attorney, James P. Faul, avers that he has

---

[1] Although not raised in a motion or adequately briefed, Anthony's Painting also seems to argue that the affidavit of Soderstrom is inadmissible because Soderstrom is not expert and thus cannot testify as to accounting principles.  I disagree.  Even if Soderstrom were required to be an expert in accounting before testifying to these issues, I conclude he is qualified to give such opinions by his experience and training.  *See* Fed. R. Evid. 702.  In particular, Soderstrom has been a payroll auditor with Wolfe Nilges Nahorski since 1999 and personally performed the audit in this case.  Moreover, plaintiffs timely disclosed him as a witness.

personal knowledge of the work he and other attorneys at his firm performed for this case, of their billing rate, and of the reasonableness of the services performed.

Accordingly, each affidavit is based on the affiant's personal knowledge and establishes the affiant's competence to testify as to the facts stated therein. I have therefore considered them in deciding plaintiff's motion. *See* Fed. R. Civ. P. 56(c)(4). I have also considered the documents attached to these affidavits, because each affiant has authenticated these documents as accurate and true copies of the parties' CBA and the four trusts at issue in this case. *See Shanklin*, 397 F.3d at 602. Moreover, because Anthony's Painting's only opposition to this evidence was that it was inadmissible, this evidence is undisputed for summary judgment purposes. *See* Fed. R. Civ. P. 56(e); Local Rules for the United States District Court for the Eastern District of Missouri, Local Rule No. 4.01(E).

## Undisputed Facts

Plaintiff Painters District Council No. 2 is a labor union comprised of professional painters that exists for the purpose of negotiating with employers on behalf of its members, including negotiating and policing CBAs between members and employers. It is therefore a "labor organization" under section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), representing employees in an industry affecting commerce within the meaning of section 3(4) of ERISA, 29 U.S.C. § 1002(4). Painters District Council No. 2 has established

several benefit Trusts for its members – the Pension Plan, the Welfare Plan, the Vacation Fund, and the Apprenticeship and Journeyman Training Fund – which all require contributions from employers who hire members of Painters District Council No. 2 and agree to be bound by a CBA requiring such payments. Accordingly, these Trusts are "employee benefit plans" within the meaning of sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1), and are multi-employee plans under section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A). The remaining plaintiffs are the Joint Boards of Trustees for each of the Benefit Plans, and so they are "plan sponsors" of their respective benefit plans under section 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B), and are fiduciaries under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

Anthony's Painting is a painting company owned by husband and wife Anthony and Heather Dattilo. When it first began hiring members of the Painters District Council No. 2 in the mid-2000s, Anthony's Painting entered into a CBA with Painters, first signing the agreement on January 9, 2004, and renewing it on November 30, 2005. Anthony's Painting is therefore an "employer" within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. The CBA required Anthony's Painting to make contributions to the Pension, Welfare, Vacation, and Apprenticeship and Journeyman Training Trusts and to submit

weekly reports showing the numbers of hours worked and contributions due.  In particular, the CBA provides that:

> Employers shall have a signed agreement with Painters District Council No. 2 . . . and make weekly contributions to the Painters District Council No. 2 Welfare Plan, Painters District Council No. 2 Pension Plan, Painters District Council No. 2 Vacation Fund, Painters District Council No. 2 Apprenticeship and Journeyman Training Fund . . . .

The CBA also bound Anthony's Painting to the respective Trusts, and these Trusts in turn required Anthony's Painting to make contributions and submit weekly reports.  Finally, the CBA allows Painters District Council No. 2 to strike if Anthony's Painting "fails or refuses to pay wages or make fringe benefit contributions in accordance with the Agreement . . . ."  Through its owners Anthony and Heather Dattilo, Anthony's Painting understood that it entered into the CBA with plaintiffs and was required to submit contributions to the Trusts as well as reports.

Anthony's Painting submitted contributions and reports until August 1, 2009.  On that date, Anthony's Painting stopped submitting contributions, and on November 14, 2009, it stopped submitting weekly reports.  No one at Painters District Council No. 2 ever informed Anthony's Painting that it could stop submitting contributions or reports, and Anthony's Painting never commenced arbitration against plaintiffs for any grievance arising out of the CBA, or filed an Unfair Labor Practice charge with the National Labor Relations Board.  The CBA

and the Trusts state that an employer is liable for the principal as well as liquidated damages and interest on unpaid contributions, together with plaintiffs' reasonable attorneys' fees and accounting fees:

> In any action instituted to recover fringe benefit contributions, wages, union dues or Industry Fund contributions, or to recover unpaid liquidated damages, the Employer shall be obligated to pay reasonable attorney's fees and reasonable accounting fees in addition to all principal amounts due and in addition to other relief prescribed by law.

After commencing this lawsuit, plaintiffs hired the accounting firm of Wolfe Nilges Nahorski to review Anthony's Painting's records to determine the amount of delinquencies owed by it for the period of June 1, 2009 through July 31, 2010. Brad Soderstrom, a payroll auditor with Wolfe Nilges Nahorski, determined that Anthony's Painting performed 7545.5 hours of work during this period for which it did not report hours or make contributions.  Based on this total number of hours, Sodetstorm determined that Anthony's Painting owed contributions in the total amount of $133,928.07, including interest and liquidated damages.  Plaintiffs have also incurred $25,599.72 in attorneys' fees and $2740.00 in costs, including the Court filing fee and the payroll examination.  Plaintiffs now move for summary judgment on their complaint.

## Plaintiffs' Claims

The plaintiffs bring claims under both ERISA and the LRMA.  To begin with, the Pension Plan, Welfare Plan, Vacation Fund, and Apprenticeship and

Journeyman Training Fund bring their claims under section 515 of ERISA, which allows multiemployer benefit plans to collect unpaid contributions from an employer bound by the terms of a collective bargaining agreement to contribute to the trusts.  *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.").  As discussed above, it is undisputed that the Trusts are multiemployer benefit plans under ERISA, and that Anthony's Painting is an employer under ERISA.  It is also undisputed that Anthony's Painting signed the CBA and was contractually bound by it and the respective Trusts to submit weekly reports and contributions to the Trusts.  Finally, it is undisputed that Anthony's Painting failed to submit contributions for the time period of August 1, 2009 until July 31, 2010, and failed to submit reports for the time period of November 14, 2009 to July 31, 2010.  Accordingly, I conclude that Anthony's Painting is liable to the Trusts for failing to submit reports and contributions as required by the parties' CBA and associated Trust documents.

    Anthony's Painting makes two arguments in response, but neither has merit.  First, Anthony's Painting contends that it had always submitted late contributions and late reports during the 2004-2008 time period, and that plaintiffs accepted such

late contributions and reports. Second, Anthony's Painting suggests that it stopped making contributions in November of 2009 after members of Painters District No. 2 "chased off Defendant's employees from two (2) job sites . . . making it difficult for the company to function." Even if Anthony's Painting submitted admissible evidence in support of these two arguments, however, such evidence would fail to create a issue of fact as to its duty to submit contributions and reports during this period. Courts uniformly recognize only three defenses to ERISA liability for unpaid contributions: (1) that the contributions are themselves illegal; (2) that the collective bargaining agreement is void; or (3) that the employees have voted to decertify the union as their bargaining representative. *See, e.g., Agathis v. Starlite Motel*, 977 F.2d 1500, 1505 (8th Cir. 1992); *Central States, Se. & Sw. Areas Pension Fund v. Independent Fruit & Produce Co.*, 919 F.2d 1343, 1349 (8th Cir. 1990). It is not a defense that the parties made oral promises to disregard the text of the CBA, *see, e.g., Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Service Inc.*, 870 F.2d 1148, 1153 (7th Cir. 1989), or that the union breached the CBA. *See, e.g., Lewis v. Benedict Coal Corp.*, 361 U.S. 459, 469-71 (1960). Accordingly, because Anthony's Painting only contends that it had a prior, oral course of dealing with plaintiffs, and that plaintiffs breached the CBA, it fails to create any issue of fact as to a valid defense to its liability. The Trusts are therefore entitled to summary judgment on their ERISA claims.

Next, Painters District Council No. 2 brings claims under the LMRA, asserting that Anthony's Painting breached the parties' CBA by failing to submit union contributions and reports.  A union may bring breach of contract claim against an employer for unpaid contributions in federal court pursuant to section 301 of the LMRA, *see* 29 U.S.C. § 185, and courts must apply general principles of contract law in interpreting the parties' agreement.  *See, e.g., Agathos*, 977 F.2d at 1508-09.  If a collective bargaining agreement's terms are clear and unambiguous, they are to be enforced as written.  *See, e.g., Eastmount Constr. Co. v. Transport Mfg. & Equip. Co.*, 301 F.2d 34, 39 (8th Cir. 1962).

Anthony's Painting does not argue that there are any ambiguities in the CBA, nor could it.  The CBA's terms are clear and unambiguous, and require Anthony's Painting to submit weekly reports and union contributions for each union member it employs.  Its failure to do so was therefore a breach of the parties' CBA.  For this reason, Anthony's Painting's evidence that it had a prior, oral course of dealing with plaintiffs in which it submitted late contributions does not absolve it from making timely and weekly contributions as required by the CBA.  Similarly, Anthony's Painting's other argument – that it was not liable to submit contributions after union members quit work – also fails in light of the CBA's clear text.  Specifically, there is no provision allowing Anthony's Painting to stop submitting contributions because of the union's breach.  In fact, the CBA allows

employees to strike if an employer fails to submit contributions to the Trusts, and it is undisputed that Anthony's Painting stopped submitting contributions before the employees quit working. Finally, Anthony's Painting argues that it is not liable under the CBA for failing to submit contributions, because it paid employees a "prevailing wage" instead. This is incorrect. The CBA required Anthony's Painting to submit contributions to the Trusts and the union, not to individual employees. Because it is undisputed that Anthony's Painting failed to do exactly that, it breached the parties' CBA.

## Damages

Having determined that Anthony's Painting is liable to plaintiffs under both ERISA and the parties' CBA for failing to submit contributions starting in August of 2009, I must now determine damages to which plaintiffs are entitled. Section 502(g)(2) of ERISA requires this Court to award the Trusts unpaid contributions, interest, liquidated damages, attorneys' fees and costs, as well as any other appropriate relief. *See* 29 U.S.C. § 1132(g)(2). Plaintiffs have submitted undisputed evidence that the total amount of unpaid contributions, including interest and liquidated damages, is $133,928.07. Plaintiffs have also incurred $25,599.72 in reasonable attorneys' fees and costs, and so Anthony's Painting is liable to the Trusts under ERISA in the total amount of $163,393.59.[2]

---

[2]Anthony's Painting responds that the Soderstrom's calculations are inaccurate, yet it submits no evidence or arguments supporting that claim. A party opposing summary judgment

In an LMRA breach of contract claim, the goal of awarding damages is to place the non-breaching party in the position it would have been in had defendant not breached the contract. *See, e.g., Painters Dist. Council No. 2 v. Paragon Painting Co.*, No. 4:08CV1501 DJS, 2010 WL 455227, at *8 (E.D. Mo. Feb. 3, 2010) (citing *Fire Sprinklers, Inc. v. Icon Contracting, Inc.*, 279 S.W.3d 230, 235 (Mo. Ct. App. 2009)). Here, Painters District Council No. 2 submits undisputed evidence that Anthony's Painting failed to submit union dues in the total amount of $4430.30, and that the interest on that amount is $1554.81. Additionally, the parties' CBA allows the union to collect attorneys' fees and costs for Anthony's Painting's breach, so the union is entitled to share in the award of attorneys' fees and costs.

Accordingly, based on this undisputed evidence, I conclude that Anthony's Painting is liable to plaintiffs in the total amount of $164,393.59, and I will enter judgment in plaintiffs' favor in that amount. Plaintiffs also request a complete audit of Anthony's Painting's business records from September 1, 2005 until June 1, 2009 to determine if additional amounts are due. Anthony's Painting offers no opposition to this request, but plaintiffs also do not submit any evidence suggesting

---

must come forward with some evidence indicating that genuine issues of material fact exist, *see* Fed. R. Civ. P. 56(e), and I need not "investigate the record in search of an unidentified genuine issue of material fact to support a claim or defense." *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007). Because Anthony's Painting presents no evidence indicating that these calculations are incorrect, and my own review of them reveals that they are correct, plaintiffs' calculations of damages is undisputed for summary judgment purposes.

that Anthony's Painting was delinquent during this time period. I will therefore deny the request at this time.

For these reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [#51] is granted, and plaintiff shall have summary judgment on its complaint against Anthony's Painting in the total amount of $164.393.59.

A separate judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2011.