UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., ) ) ) Plaintiffs, ) ) vs. ) ) ANTHONY'S PAINTING, LLC, ) ) Defendant. ) | Case No. 4:09CV1647 CDP |

## MEMORANDUM AND ORDER

Plaintiffs are a labor union, four multiemployer pension and welfare trusts, and employee trustees. I granted summary judgment for plaintiffs against defendant Anthony's Painting, LLC for its failure to submit fringe benefit contributions due under the parties' Collective Bargaining Agreement. Defendant has now brought a motion to alter or amend judgment and for relief from judgment; plaintiffs have also brought a motion to alter or amend judgment. In its motion, defendant argues that the entry of judgment is barred by *res judicata* and collateral estoppel and should therefore be vacated. Plaintiffs' motion argues that I erred in denying their request for an audit of defendant's business records for the period from September 1, 2005 through June 1, 2009. For the reasons that follow, I will deny defendant's motion and grant plaintiffs' motion.

Defendant moves pursuant to Rule 59 and Rule 60 to alter or grant relief from the judgment, respectively, on the grounds that judgment is barred by *res judicata* and collateral estoppel. Defendant cites an August 25, 2011 National Labor Relations Board decision issued against defendant, arguing that the NLRB decision has preclusive effects on the claims brought in this district court action. Defendant's argument fails for a number of reasons.

The Eighth Circuit has held that "a Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment." *Bannister v. Bowersox*, 128 F.3d 621, 622 (8th Cir. 1997) (quoting *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993)). The NLRB decision was issued on August 25, 2011, and summary judgment was not granted in this case until September 19, 2011. Defendants did not raise the *res judicata* or collateral estoppel arguments in the intervening time period, even after plaintiffs moved to append the NLRB decision to the docket as supplemental authority on September 1, 2011. Since defendants should have raised this argument prior to my granting summary judgment, this motion is denied.

Although defendant does not identify under which subsection of Rule 60 it brings its motion for relief from judgment, it can only reasonably have been raised

pursuant to Rule 60(b)(6).[1]  "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress."  *Murphy v. Mo. Dept. of Corrs.*, 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).  The NLRB decision does not constitute "exceptional circumstances."  I will therefore deny the motion as brought both under Rule 59 and Rule 60.

Even if defendant's arguments were properly raised, they would still fail on the merits.  The test for whether *res judicata* applies is:  (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the judgment was a final judgment on the merits; and (3) whether the same cause of action and same parties or their privies were involved in both cases.  *See, e.g,. Gurley v. Hunt*, 287 F.3d 728, 731 (8th Cir. 2002).  The claims before the NLRB were brought under the NLRA for unfair labor practices, whereas the claims in this case are brought for ERISA violations and breach of contract.  The NLRB lacks jurisdiction to consider ERISA claims, which may be brought in federal court only.  29 U.S.C. § 1132(e)(1); *see Martin v. Garman Const. Co.*, 945 F.2d

---

[1] " On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

1000, 1003 (7th Cir. 1991); *Barnes v. E-Systems, Inc. Group Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1303 (1991). Nor did the NLRB decide the breach of contract issue; although the two issues may overlap in certain cases, whether conduct constitutes an unfair labor practice is not the same as whether a collective bargaining agreement was breached. *See Durand v. N.L.R.B.*, 296 F. Supp. 1049, 1056 (W.D. Ark. 1969). Therefore plaintiffs' claims were not barred by *res judicata*.

Defendant's argument also fails with respect to collateral estoppel. "Before an administrative adjudication will constitute collateral estoppel the following prerequisites must be met: (1) the issue must be identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or is in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue." *Anthan v. Prof'l Air Traffic Controllers Org.*, 672 F.2d 706, 709 (8th Cir. 1982) (citing *Oldham v. Pritchett*, 599 F.2d 274, 279 (8th Cir. 1979); *Gerrard v. Larsen*, 517 F.2d 1127, 1130 (9th Cir. 1975)). As discussed above, identical issues were not before this court and the NLRB. Collateral estoppel does not bar plaintiffs' claims.

Plaintiffs have also moved to alter judgment pursuant to Rule 59(e). This court has broad discretion when determining whether to alter or amend an order. *Leiwe v. Astrue*, No. 4:06CV196DDN, 2007 WL 5117111 at *1 (E.D. Mo. Mar. 14, 2007) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413-14 (8th Cir. 1988)). Motions under Rule 59(e) should only be granted to correct manifest errors of law or fact. *Id.* (citing *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996); *Hagerman*, 839 F.2d at 414).

Here, plaintiffs request an audit of defendant's business records for the period from September 1, 2005 through June 1, 2009. Plaintiffs argue that my denial of this request on the basis that plaintiffs did not submit evidence that defendant was delinquent during this time period was erroneous. I agree, and will grant plaintiffs' motion to alter the judgment.

The applicable collective bargaining and trust agreements must be consulted in determining whether plaintiffs have the right to audit defendant's records. *See Cent. States, Se. and Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 565 (1985). The Pensions, Welfare, and Vacation Trusts all contain nearly identical versions of the following provision:

> The Trustees shall have the authority to reasonably request of any Employer, and an Employer when so reasonably requested, shall furnish to the Trustees such information and reports as may be

necessary in the performance of their duties under this Plan and Trust Agreement.

The Apprenticeship and Journeyman Training Trust gives to Trustees the

> ...right, at all reasonable times during business hours, to enter upon the premises of any employer obligated to contribute to the fund and examine and copy such of the books, records, papers and reports of said Employer as may be necessary to determine the hours of work and places where done by any employees and to permit the Trustees to determine whether said Employer is making payment to the trust of the amount required by the Collective Bargaining Agreement with said Employer.

According to the terms of the trusts agreements, no finding of delinquency is required prior to an audit.

In *Central Transport*, the Supreme Court held that a requested audit in a case similar to this one was "well within the authority of the trustees as outlined in the trust documents." 472 U.S. at 581; *see also Cent. States, Se. and Sw. Areas Pension Fund v. N.E. Friedmeyer-Sellmeyer Distrib. Co.*, 650 F. Supp. 978 (E.D. Mo. 1987). The Court applied the common law of trusts, stating, "trustees are understood to have all 'such powers as are necessary or appropriate for the carrying out of the purposes of the trust.'" *Id.* at 570 (quoting 3 A. Scott, *Law of Trusts* § 186, 1496 (3d ed. 1967)). The Court also looked to the purpose of ERISA, which includes ensuring that employees receive benefits earned, to be accomplished through the provision of "'minimum standards' that would 'assur[e]

the equitable character of [employee benefit plans].'" *Id.* at 569-70 (citing 29 U.S.C. §1001(a)). Taking in consideration the structure of ERISA, the language of the trusts agreements, and the common law of trusts, the Court was left with "no doubt" as to the validity of the requested audit. *Id.* at 571. The same analysis should be applied here. Defendant is in a superior position with regard to its bookkeeping, and arguably has an incentive to underreport its obligations. Requiring a showing of delinquency before allowing for an audit would undermine the equitable scheme created by ERISA.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to alter judgment [#73] is denied.

**IT IS FURTHER ORDERED** that plaintiffs' motion to alter judgment [#71] is granted. An amended judgment in accord with this decision is entered separately.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2011.